# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RODOLFO VELA, SR., ET AL.<br><br>v.<br><br>MIKE COMPTON, ET AL. | § <br> § **CIVIL ACTION NO. 4:23-CV-145** <br> § <br> § <br> § **(JUDGE MAZZANT/JUDGE DURRETT)** <br> § <br> § |

## MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 14, 2024, the Magistrate Judge entered a Report (Dkt. #86) recommending that Defendants Aaron Carney, Mike Compton, Terry Gilbert, Janelle Haverkamp, Judd Jones, S. Norie, John Roane, Ray Sappington, Joseph R. Shires, Tom Stephens, and John Warren's Second Motion to Dismiss under Rule 12(b)(6) (Dkt. #50) be granted and that Plaintiffs' claims against those defendants be dismissed with prejudice. The Report further recommended that Defendant Mark Tackett's Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) (Dkt. #38) be granted and that Plaintiffs claims against Mark Tackett be dismissed with prejudice. The Report further recommended that Plaintiffs' claims against Defendants Joni L. McClain and Jeffrey J. Barnard be dismissed without prejudice. The Report finally recommended that the remaining forty-two pending motions be denied as moot.

Plaintiffs filed timely objections to the Report (Dkt. #88; Dkt. #89). Plaintiffs allege that the statute of limitations was tolled until February 15, 2022, when Plaintiffs allegedly received "the Blackfish Intelligence report." (Dkt. #88 at p. 1). However, Plaintiffs have only mentioned the Blackfish report in passing throughout their extensive motion practice, (*see, e.g.,* Dkt. #39 at p. 2),

but never expressly alleged, until they filed objections to the Report, that Plaintiffs' receipt of the Blackfish report in 2022 was the first time Plaintiffs were aware of potential issues with the investigation into Tippy's death. Moreover, Plaintiffs' conduct between July 5, 2001, the date of Tippy's death, and February 9, 2023, when Plaintiffs filed their Complaint, indicates that Plaintiffs had "sufficient information to know that [they had] been injured" long before the statute of limitations had passed. *See Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020). Notably, Plaintiffs filed a lawsuit on July 8, 2003, in the 235th District Court of Cooke County, Texas for wrongful death and premises liability in connection with Tippy's death (Dkt. #31). In that Petition, Plaintiffs explain that "[t]he family of Arturo Vela became alarmed by circumstances at the scene of the death as well as by statements made by close acquaintances of the decedent, and had a second autopsy performed." (Dkt. #31 at p. 2). As such, the Court declines to adopt Plaintiffs' narrative that they were not aware of the alleged conspiracy surrounding Tippy's death until February 2022.

Accordingly, having received the Report of the Magistrate Judge, considered Plaintiffs' objections (Dkt. #88; Dkt. #89), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants Aaron Carney, Mike Compton, Terry Gilbert, Janelle Haverkamp, Judd Jones, S. Norie, John Roane, Ray Sappington, Joseph R. Shires, Tom Stephens, and John Warren's Second Motion to Dismiss under Rule 12(b)(6) (Dkt. #50) is **GRANTED**.  It is further **ORDERED** that Defendant Mark Tackett's Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) (Dkt. #38) is **GRANTED**. It is further **ORDERED** that Plaintiffs' claims against Defendants Aaron Carney, Mike Compton, Terry

Gilbert, Janelle Haverkamp, Judd Jones, S. Norie, John Roane, Ray Sappington, Joseph R. Shires, Tom Stephens, John Warren, and Mark Tackett are **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that Plaintiffs' claims against Defendants Joni L. McClain and Jeffrey J. Barnard are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that Plaintiff's Motion for Leave to Perfect Service and Amend Complaint (Dkt. #90) is **DENIED**. It is finally **ORDERED** that the remaining forty-two pending motions on the docket are **DENIED as moot**.

All relief not previously granted is **DENIED**.

**SIGNED this 29th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE